# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| EDWARD M. KRAMER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:14-cv-3546-PMD-BM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| OMNICARE ESC, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (ECF No. 20), recommending that this Court grant Defendant Omnicare ESC, LLC's ("Defendant") Motion to Dismiss (ECF No. 17). Plaintiff Edward M. Kramer ("Plaintiff") subsequently filed a two-sentence Objection to the R&R (ECF No. 22), accompanied by a proposed amended complaint (ECF No. 22-1). Having reviewed the entire record, the Court finds that the Magistrate Judge fairly and accurately summarized the relevant facts and applied the correct principles of law. Accordingly, because the Court has not discerned any error—clear or otherwise—in the Magistrate Judge's analysis, the Court hereby adopts the R&R and dismisses this action. Additionally, to the extent Plaintiff's Objection may be construed as a motion to amend his Complaint, the Court denies Plaintiff's request for the reasons set forth herein.

## STANDARD OF REVIEW

A magistrate judge makes only a recommendation to this Court on dispositive matters heard pursuant to Rule 72(b) of the Federal Rules of Civil Procedure. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written

objection to the magistrate judge's proposed findings and recommendations within fourteen days after being served a copy of the recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). This Court is charged with conducting a de novo review of any portion of a recommendation to which a specific objection is registered, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part.  28 U.S.C. § 636(b)(1). Additionally, the Court may receive additional evidence or recommit the matter to the magistrate judge with instructions.  *Id.*  A party's failure to object is accepted as an agreement with the conclusions of the magistrate judge.  *See Thomas v. Arn*, 474 U.S. 140 (1985).  In the absence of a timely filed, specific objection—or as to those portions of magistrate judge's recommendation to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note).  Moreover, in the absence of specific objections to the recommendation, this Court need not provide any explanation for adopting the magistrate judge's analysis and recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## DISCUSSION

On January 13, 2015, the Magistrate Judge issued the instant R&R recommending that this Court grant Defendant's Motion to Dismiss.  In response to the Magistrate Judge's R&R, Plaintiff filed a two-sentence "Objection," which Plaintiff's counsel apparently refers to as a "cover letter."  (Email, Jan. 21, 2015, ECF No. 26-1, at 2).  In fact, only the first sentence of Plaintiff's Objection references the R&R, with Plaintiff stating, in relevant part, as follows: "Plaintiff objects to the Magistrate Judge's report and recommendation . . . to dismiss Plaintiff's complaint."  (Pl.'s Objection 1).  As noted above, such an objection lacks the requisite specificity

under Rule 72(b) to trigger, or otherwise invite, de novo review. *See Diamond*, 416 F.3d at 315–16. Accordingly, the Court, which has "satisf[ied] itself that there is no clear error on the face of the record," *id.* (quoting Fed. R. Civ. P. 72 advisory committee note) (internal quotation marks omitted), accepts and adopts the Magistrate Judge's thorough and well-reasoned R&R.

In the second sentence of his Objection, Plaintiff requests leave to file a proposed amended complaint. Assuming, *arguendo*, Plaintiff's Objection may be construed as a motion to amend his Complaint, the Court will analyze this request under Rule 15 of the Federal Rules of Civil Procedure. Where a party seeks to amend his complaint more than twenty-one days after service of a responsive pleading, Rule 15(a)(2) permits amendment only with the defendant's written consent or the court's leave. Although Rule 15(a)'s permissive standard provides that such leave should be freely given by the court "when justice so requires," Fed. R. Civ. P. 15(a)(2), "[a] district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile," *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010). However, "after the deadlines provided by a scheduling order have passed, [Rule 16's] good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). In the present case, Plaintiff has not filed a motion to amend his Complaint and his wholly deficient Objection fails to address or satisfy Rule 16's good cause standard. Accordingly, for these reasons and others, the Court concludes that granting Plaintiff's request for leave to file an amended complaint is neither warranted nor appropriate under the circumstances of this case. *See Equal Rights Ctr.*, 602 F.3d at 603 (noting that the grant or denial of a motion to amend a complaint is committed to the sound discretion of the trial court).

3

## **CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R. Accordingly, it is **ORDERED** that Plaintiff's Complaint is **DISMISSED**. To the extent Plaintiff's Objection may be construed as a motion to amend his Complaint, Plaintiff's request is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**March 12, 2015**
**Charleston, South Carolina**

4