# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| EDWARD M. KRAMER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:14-cv-3546-PMD-BM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| OMNICARE ESC, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff Edward M. Kramer's ("Plaintiff") Motion to Alter or Amend (ECF No. 29) ("Motion") the Court's March 12, 2015 Order and Judgment (ECF Nos. 27, 28) ("Prior Order") pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons set forth herein, the Court denies Plaintiff's Motion.

## BACKGROUND

On July 22, 2014, Plaintiff initiated this action against Defendant Omnicare ESC, LLC ("Defendant") in the Charleston County Court of Common Pleas. Plaintiff's Complaint alleged that Plaintiff and Defendant entered into a "valid, binding" employment contract and that "Defendant[] breached the contract when it wrongfully terminated [him] due to his age and religion in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act." (Pl.'s Compl. ¶¶ 16–17, ECF No. 1-1). These factual allegations, *inter alia*, formed the basis of Plaintiff's single cause of action for "Wrongful Termination/Breach of Contract." (*Id.* at 3).

Defendant removed the action to this Court on September 4, 2014, asserting that jurisdiction was proper under 28 U.S.C. § 1332. On September 9, 2014, shortly after Defendant

filed an Answer to Plaintiff's Complaint, the Court entered a Scheduling Order. The Scheduling Order set a November 3, 2014 deadline for motions to amend pleadings.

On November 5, 2014, Defendant filed a motion seeking dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) or judgment on the pleadings pursuant to Rule 12(c) ("Motion to Dismiss"). Plaintiff filed a Response on November 24, 2014, opposing Defendant's Motion to Dismiss and, in the alternative, requesting that the Court grant Plaintiff leave to amend his Complaint under Rule 15(a). Defendant filed a Reply on December 4, 2014. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A), (B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), all pretrial proceedings were automatically referred to a United States Magistrate Judge.

On January 13, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this Court grant Defendant's Motion to Dismiss. With respect to Plaintiff's request for leave to amend his Complaint, the Magistrate Judge, after noting Rule 15's permissive standard, stated as follows:

> In this case, however, the undersigned is constrained to note that this case has been pending since September 2014, and that pursuant to the Scheduling Order entered in this case motions to amend pleadings were due by November 3, 2014. Plaintiff has never filed a motion to amend his Complaint, he has not provided a proposed amended complaint for the Court's (or the Defendant's) consideration and review, nor has he indicated in his response brief what new claims or allegations might be contained in an amended complaint. Therefore, there is nothing before the Court on which the undersigned could make a recommendation with respect to whether Plaintiff should be allowed to amend his Complaint.
>     If Plaintiff wishes to pursue this alternative avenue for relief, he should submit a proposed amended complaint to the Court as an attachment to any objections he may file to this Report and Recommendation. In the event the District Judge accepts the recommendation contained herein with respect to Plaintiff's current claims, then it would be up to him whether to allow Plaintiff to amend his Complaint, but at least he would have a proposed amended complaint to review for purposes of making this decision.

(R&R 11). Plaintiff subsequently filed the following two-sentence Objection to the R&R:

2

> Pursuant to Federal Rule of Civil Procedure 72(b), Plaintiff objects to the Magistrate Judge's report and recommendation (R&R) (Doc. 20) filed January 13, 2015, to dismiss Plaintiff's complaint. Plaintiff respectfully requests that this Court grant Plaintiff leave, pursuant to Federal Rule of Civil Procedure 15, to file the proposed amended complaint attached hereto.

(Pl.'s Objection 1, ECF No. 22). As referenced, Plaintiff's Objection was accompanied by a proposed amended complaint. However, Plaintiff's Objection failed to present any argument in support of the proffered amendment or address the threshold inquiry under Rule 16 for untimely requests for leave to amend. Plaintiff's proposed amended complaint asserts—in general terms and without specific citations to the relevant statutes—three new causes of action for: (1) violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) violation of the Age Discrimination in Employment Act ("ADEA"); and (3) violation of the South Carolina Human Affairs Law ("SCHAL"). On February 2, 2015, Defendant filed a Reply to Plaintiff's Objections.

On March 12, 2015, the Court issued its Prior Order adopting the R&R and granting Defendant's Motion to Dismiss. More specifically, the Court found that Plaintiff's Objection lacked the requisite specificity under Rule 72(b) to trigger, or otherwise invite, de novo review and concluded that there was no clear error on the face of the record. The Court also denied Plaintiff's alternative request that he be allowed to file his proposed amended complaint. Assuming, *arguendo*, that Plaintiff's Objection could be construed as a motion for leave to amend his Complaint, the Court determined that Plaintiff failed to satisfy Rule 16's good cause standard. Thus, the Court did not reach the issue of whether the amendment was appropriate under Rule 15. Judgment was entered the same day.

Plaintiff filed the instant Motion on March 18, 2015, asking the Court to revisit its Prior Order and alter or amend its Judgment pursuant to Rule 59(e). The Motion's stated purpose is to

3

allow Plaintiff to amend his Complaint. Defendant filed a Response to Plaintiff's Motion on April 6, 2015. On April 9, 2015, Plaintiff filed a Reply to Defendant's Response. Plaintiff's Reply was accompanied by a Dismissal and Notice of Rights letter ("Right-to-Sue Letter") that the U.S. Equal Employment Opportunity Commission ("EEOC") apparently issued on May 28, 2014. The pending Motion is now ripe for consideration.

## DISCUSSION

By way of the instant Motion, Plaintiff asks the Court to revisit its Prior Order and alter or amend its Judgment pursuant to Rule 59(e) so that Plaintiff may file his proposed amended complaint. Although Plaintiff did not properly request leave to file an amended complaint prior to the entry of Judgment, the Court will nevertheless construe Plaintiff's Motion as a post-judgment motion to amend and consider whether the Judgment should be vacated to allow Plaintiff to file his proposed amended complaint. *See Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) ("Because we conclude that the district court should have granted plaintiffs' motion to vacate the judgment and allowed them to amend their complaint, we decline to decide whether the court erred in refusing to allow an amendment earlier in the proceedings."). For the reasons detailed below, Plaintiff's Motion is denied.

In *Laber v. Harvey*, 438 F.3d 404 (4th Cir. 2006) (en banc), the Fourth Circuit outlined the framework and standards governing a post-judgment motion to amend a complaint. In doing so, the court noted that "[t]here is one difference between a pre-and a post-judgment motion to amend: the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or [Rule] 60(b)." *Id.* at 427. Here, Plaintiff seeks to alter or amend the Judgment under Rule 59(e).

4

Reconsideration of a judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure is an extraordinary remedy that should be used sparingly. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). Ordinarily, a motion to alter or amend a judgment may be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *Pac. Ins. Co.*, 148 F.3d at 403. However, where the purpose of a Rule 59(e) motion is to file a proposed amended complaint, the Fourth Circuit has made clear that "the court need not concern itself with [Rule 59(e)'s] legal standards" but "need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to [Rule] 15(a)." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011);[1] *see also Redd v. 7-Eleven, Inc.*, No. 3:12-CV-00358-JAG, 2013 WL 85178, at *2 (E.D. Va. Jan. 7, 2013) ("[W]hen the object of a Rule 59(e) motion is to file an amended complaint in place of one that was previously dismissed as inadequate, the standard is identical to the one for a pre-judgment motion for leave to amend."). Thus, "a court should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility.'" *Katyle*, 637 F.3d at 471 (quoting *Laber*, 438 F.3d at 427).

---

1. Recently, in *Calvary Christian Center v. City of Fredericksburg, Virginia*, 710 F.3d 536 (4th Cir. 2013), the Fourth Circuit explained that its "language in *Katyle* . . . was addressed to a circumstance where the plaintiff [sought] to set aside the judgment of dismissal and, at the same time, to file an amended complaint." *Id.* at 540. The court further clarified that review under Rule 15's standard was appropriate in *Katyle* "because the plaintiffs' motion for reconsideration presented the court with an opportunity to vacate its earlier dismissal order." *Id.* at 540–41. However, in *Calvary Christian Center*, the court was confronted with a situation where the plaintiff moved to amend the complaint after it had been dismissed but where the plaintiff's request was not accompanied by a Rule 59(e) or 60(b) motion. Under these circumstances, the Fourth Circuit reasoned that "[b]ecause [the plaintiff] did not file a motion to vacate the district court's judgment of dismissal, we have no occasion to consider whether the district court correctly applied Rule 15 standards." *Id.* at 539.

5

After reviewing Plaintiff's Motion under this standard, the Court concludes that allowing Plaintiff to amend his Complaint as requested would be futile.[2] For leave to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: '[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.'" *Katyle*, 637 F.3d at 471 (alteration in original) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). Therefore, the futility analysis under Rule 15(a) necessarily requires a preliminary assessment of the allegations of the proposed amendment in light of the substantive law on which the additional claims are based. *See Rambus, Inc. v. Infineon Techs., AG*, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004). Nevertheless, "[u]nless a

---

2. As noted above, the Court concluded in its Prior Order that Plaintiff failed to satisfy the threshold inquiry under Rule 16's good cause standard, and thus, the Court did not reach the issue of whether amendment was warranted under Rule 15. Now, in his Motion, Plaintiff cites and relies exclusively on Rule 16, to the exclusion of any analysis or argument under Rule 15. Specifically, Plaintiff attempts to explain that he "was not lackadaisical or ignorant of this Court's scheduling order and had no inclination [he] needed to file a motion to amend as Defendant waited until after the deadline to file its motion to dismiss." (Pl.'s Mot. 4). Plaintiff also contends that Defendant "took a technical advantage of the scheduling order to defeat Plaintiff's claim by waiting until after the amendment deadline to file its [M]otion [to Dismiss]." (*Id.*). The Court is not persuaded by Plaintiff's argument and again concludes that Plaintiff has failed to satisfy Rule 16's good cause standard. Indeed, Plaintiff's wholehearted reliance on Defendant to identify the deficiencies of his Complaint—as well as his expectation that Defendant do so prior to the deadline set by the Scheduling Order—does not represent the diligence Rule 16 requires. *See Wonasue v. Univ. of Md. Alumni Ass'n*, 295 F.R.D. 104, 107 (D. Md. 2013) ("[G]ood cause means that scheduling deadlines cannot be met despite a party's diligent efforts. . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." (quoting *CBX Techs., Inc. v. GCC Techs., LLC*, No. JKB–10–2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012)) (internal quotation marks omitted)); *see also RFT Mgmt. Co., LLC v. Powell*, No. 14-1488, 2015 WL 1567854, at *2 (4th Cir. Apr. 9, 2015) (unpublished) (per curiam) ("Rule 16(b)'s good cause standard emphasizes the diligence of the party seeking amendment." (quoting *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004)) (internal quotation marks omitted)). Additionally, the Court finds that Plaintiff's failure to file specific objections to the R&R and his failure to properly request leave to amend his Complaint provide further support for the Court's conclusion that Plaintiff's efforts were less than diligent. Nevertheless, because the interplay between Rules 15 and 16 in this context is less than clear, the Court will proceed to evaluate Plaintiff's Motion under Rule 15. *See Laber*, 438 F.3d at 427 n.23 ("The Army does not argue that we should apply the 'good cause' legal standard in Fed. R. Civ. P. 16(b) because [plaintiff's] motion to amend came after the deadline set in the scheduling order issued in this case. We therefore do not consider the issue."); *see also Daso v. Grafton Sch., Inc.*, 181 F. Supp. 2d 485, 488 (D. Md. 2002) ("Neither the Fourth Circuit nor the Supreme Court has dealt decisively with the interplay of [Rule 16(b) and Rule 15(a)] when a motion to amend is made after the deadline set in the scheduling order has passed.").

proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, conjecture about the merits of the litigation should not enter into the decision whether to allow amendment." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (citation omitted).

Here, Plaintiff's proposed amendment is deficient in several key respects. Aside from failing to properly allege or identify the basis of the Court's subject matter jurisdiction, the proposed amended complaint most notably fails to allege that Plaintiff exhausted his administrative remedies prior to filing this action. To maintain causes of action for violation of Title VII and the ADEA, a plaintiff must first exhaust his administrative remedies. *See, e.g.*, *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300–01 (4th Cir. 2009) ("Importantly, a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim. The same is true of claims made under the ADEA.").[3] This exhaustion requirement applies with equal force to claims filed pursuant to the SCHAL. *See, e.g.*, *Jaghinan v. Delfin Grp. USA LLC*, No. CA 2:13-2992-PMD, 2014 WL 5488407, at *3 n.4 (D.S.C. Oct. 29, 2014) ("Plaintiff's Amended Complaint does not contain any allegations relating to the exhaustion of his administrative remedies under SCHAL, and therefore to the extent Plaintiff is attempting to assert his claims under SCHAL, that statute should also be dismissed as an avenue for relief in the Complaint.").[4] Where Plaintiff's proposed amended

---

3. More particularly, under Title VII and the ADEA, a plaintiff must allege and establish both that he filed a timely charge of discrimination and that he received, or was at least entitled to, a right-to-sue notice. *Jones*, 551 F.3d at 300; *see* 29 U.S.C. § 626(e); *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 140 (4th Cir. 1995).
4. The SCHAL's exhaustion requirement is largely similar to Title VII's mandate. *See Staley v. Computer Scis. Corp.*, No. 3:13-CV-00280-MGL, 2014 WL 6473703, at *8 (D.S.C. Nov. 18, 2014) ("A plaintiff asserting discrimination or retaliation under SCHAL or Title VII is required to exhaust her administrative remedies by filing a charge of discrimination with the EEOC or state agency (SCHAC) before filing a civil suit." (citations omitted)); *see also Whitten v. Fred's, Inc.*, 601 F.3d 231, 238 (4th Cir. 2010) ("Like similar federal anti-discrimination laws, the [SCHAL] requires a plaintiff to pursue administrative remedies before filing an action in court."), *abrogated on other grounds by Vance v. Ball State Univ.*, 133 S. Ct. 2434 (2013). *See generally Orr v. Clyburn*, 290 S.E.2d 804, 806 (S.C. 1982) (noting that the SCHAL "essentially follows the substantive structure of Title VII" and that cases

complaint asserts violations of Title VII, the ADEA, and the SCHAL, this significant omission is fatal to all of Plaintiff's proffered claims. Thus, because Plaintiff has failed to allege or otherwise demonstrate that he exhausted his administrative remedies,[5] the Court finds that Plaintiff's requested amendment is futile. *See generally Plunkett v. Potter*, 751 F. Supp. 2d 807, 810 (D. Md. 2010) ("[C]ourts have denied leave to amend as futile discrimination claims for failure to exhaust administrative remedies."). Accordingly, because Plaintiff's proposed amended complaint is "clearly insufficient . . . on its face," *Johnson*, 785 F.2d at 510, the Court concludes that vacating the Judgment is neither necessary nor appropriate, *see Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010) (noting that the grant or denial of a motion to amend a complaint is committed to the sound discretion of the trial court).

---

interpreting Title VII are "certainly persuasive if not controlling in construing the [SCHAL]"). Therefore, without regard to the jurisdictional issue, Plaintiff's proposed SCHAL claim falls short as a matter of law. *Cf. Fru-Con Const., LLC v. Mayor of Balt.*, No. CIV.A. RDB-14-434, 2014 WL 6675625, at *5 (D. Md. Nov. 24, 2014) ("Diversity jurisdiction alone . . . does not excuse a party from adhering to the exhaustion requirement.").

5.    In fact, Plaintiff's proposed amended complaint does not even allege that he filed a charge of discrimination, and Plaintiff has not provided a copy of any such charge. *See Jones*, 551 F.3d at 300 ("Before a plaintiff may file suit under Title VII or the ADEA, he is required to file a charge of discrimination with the EEOC."); *see also, e.g.*, *Holmes v. Ray*, No. 3:12-CV-00606-FDW, 2013 WL 1742674, at *3 (W.D.N.C. Apr. 23, 2013) ("Plaintiff's Amended Complaint fails to allege it was filed within ninety (90) days of the receipt of a right-to-sue notice from the EEOC. Furthermore, though Plaintiff states in his Amended Complaint that he filed an action with the EEOC, he does not provide the date on which such action was filed, or provide the Court with a copy of such complaint. Thus, Plaintiff has not exhausted his administrative remedies and cannot assert Title VII claims in this action." (internal citations omitted)); *White v. S.C. Dep't of Soc. Servs.*, No. C/A 3:01-2926-24BC, 2003 WL 22989086, at *6 (D.S.C. Feb. 6, 2003) ("Plaintiffs' claims of failure to promote based on race fail because they have not shown that they exhausted their administrative remedies as they did not include race as a basis for discrimination in their complaints with SCHAC and EEOC."). Although Plaintiff did attach a Right-to-Sue Letter to his Reply, this eleventh-hour supplement will not salvage Plaintiff's proffered amendment. Critically, the Right-to-Sue Letter does not identify the basis or contents of a charge of discrimination, much less detail the specific nature of any claims that Plaintiff may have asserted therein. *See Balas v. Huntington Ingalls Indus.*, 711 F.3d 401, 407–08 (4th Cir. 2013); *see also Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) ("Our cases make clear that the factual allegations made in formal litigation must correspond to those set forth in the administrative charge."); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996) ("The allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint." (citing *King v. Seaboard Const. Line R.R.*, 538 F.2d 581, 583 (4th Cir. 1976))).

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's Motion to Alter or Amend the Court's Prior Order and Judgment is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

May 27, 2015
Charleston, South Carolina

9